## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

CLYDE ROBERSON                          CIVIL ACTION NO. 2:10-cv-709

                                        SECTION P

VERSUS

                                        JUDGE TRIMBLE

TERRY TERRELL, ET AL                    MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff, Clyde Roberson, on April 21, 2010.  At the time filing, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and was incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana.  However, while the complaint was pending initial review, he was released and is now residing in a residence in Baton Rouge, Louisiana. (Doc. 4).

Plaintiff's complaint centers around his claim that defendants failed to protect him from attack by another inmate.  He names the following as defendants herein: ACC Warden Terry Terrell, ACC Captain Daniel Granger, ACC Sergeant Michael McDaniel, and unknown insurance companies.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] Although the defendants' insurance companies may be obliged to indemnify officials found liable in a suit under § 1983, the insurer is not an appropriate party to the suit because it is not a state actor, nor did it deprive plaintiff of any constitutional rights while acting under the color of a state statute. See *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).  Moreover, because we determine herein that plaintiff's claims against these defendants are frivolous, plaintiff would have no claim against the insurers.

## STATEMENT OF THE CASE

Plaintiff states that in September 2009, while walking back to his bed area, he was unexpectedly attacked by another inmate.  He claims that the attack was without provocation on his part.  Following the attack, plaintiff states that defendant, McDaniel, ordered him to exit the dormitory.

Plaintiff was taken to the infirmary and was subsequently transported to Huey P. Long Hospital.  He claims that it was determined that he had broken bones in his cheek and nose and that he had lost an excessive amount of blood due to the delay in obtaining help from security.  After four days at Huey P. Long Hospital, plaintiff was transported to Shreveport for surgery.

As a result of the attack, plaintiff claims that he has difficulties breathing out of the right side of his nose, suffers from headaches, blurred vision, dizziness, and that his face is discolored and scarred.

Plaintiff's failure to protect claim stems from his argument that defendants failed to ensure that pod officers were properly in the pod.  He states that the pods are designed to have an officer in the front and an officer in the back in order that all of the dormitories within the pod are manned.  He claims that defendants allowed both assigned officers to position themselves in the front, leaving the dormitories in the back unattended.  Plaintiff contends that, had an officer been in the back of the pod, the attack would have been less likely to have occurred.  Plaintiff states that the defendants' alleged failure to properly position the officers equates to a failure to protect.  Plaintiff seeks compensatory damages and injunctive relief as a relief for the above listed alleged failures of the defendants.

## LAW AND ANALYSIS

### I.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).

A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as  true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II.  42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.

In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a

3

state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### III.  Failure to Protect

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates.  However, not every injury suffered by a prisoner rises to the level of a constitutional violation.  *Farmer v. Brennan*, 511 U.S. 825,834, 114 S.Ct. 1970, 128 L.Ed. 2d 811, (1994).  In order to establish an Eighth Amendment violation, an inmate must establish both a subjective and objective component.  The objective requirement necessitates that the inmate allege a sufficiently serious deprivation.  *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  "Only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave' to form the basis of an eighth amendment violation."  *Id*. (quoting, *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the United States Supreme Court has held that such things as food, warmth, exercise and safety fall in into this category, *Wilson*, 111 S.Ct. at 2327, as well as adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 251 (1976), and protection from physical abuse by other inmates,

*Farmer*, 114 S.Ct. 1976-1977.

The subjective component requires that a prison official act with a sufficiently culpable state of mind.  *Farmer*, 114 S.Ct. at 1997.  A prison official's culpability is measured by deliberate indifference which is defined as *knowing and disregarding an excessive risk to inmate health or safety*.  *Farmer,* 114 S.Ct. at 1979 (emphasis added).  Deliberate indifference is established by showing that the defendant officials were "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and . . . that they actually drew an inference that such potential for harm existed."  *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001)(quoting*, Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law.  *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim.  *Farmer,* 114 S.Ct. at 1978 ("deliberate indifference entails something more than mere negligence...").

In the present case, plaintiff has alleged that the defendants failed to protect him from assault by another inmate because they failed to position an officer in a particular place within the pod.   Yet, plaintiff admits that the attack was unexpected. Simply put, plaintiff's allegations do not demonstrate that the defendants' conduct constituted deliberate indifference in regard to the alleged incident.

In *Farmer*, the Court held that to find that a defendant acted with deliberate indifference was to determine the defendant "knew" of the risk to the plaintiff at the time he acted, but was indifferent or unresponsive to it.  *Farmer*, 114 S.Ct. at 1980-81. This subjective test is met if the

defendant is shown to be aware of the risk to the plaintiff and then fails to respond to it.

Plaintiff has not established that defendants knew of and disregarded an excessive risk to plaintiff's safety, or that plaintiff would suffer substantial harm under the circumstances presented by plaintiff.  While the court in *Farmer* also stated that the knowledge requirement may be met without such direct evidence as actual knowledge, i.e. circumstantial evidence, plaintiff would still not meet his burden in showing that the defendants were at least made aware of the risk that plaintiff would be subjected to serious harm under the facts submitted by plaintiff .  *Farmer*, 114 S. Ct. at 1981.

In order to make a showing that these defendants were at least aware, as opposed to showing the defendants actually knew that serious harm would befall plaintiff, plaintiff would have had to allege that the substantial risks of an inmate attack upon plaintiff were a "longstanding, pervasive, well-documented or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it."  *Farmer*, 114 S.Ct. at 1981.  Plaintiff has not shown such circumstances were apparent in this incident.

In sum, plaintiff has not met his burden under either knowledge definition and, therefore, his claim that defendants failed to protect him in violation of his constitutional rights should be dismissed for failing to state a claim upon which relief could be granted.

### IV.  Injunctive Relief

Plaintiff's complaint centers around his allegations regarding the conditions of confinement at ACC.  However, as previously stated, plaintiff has been released from ACC.  Therefore, his request for injunctive relief is moot.

The law is clear that the transfer of a prisoner out of an allegedly offending institution

generally renders his claims for injunctive relief moot.  *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).  In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to ACC would make his claims capable of repetition yet evading review.  See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975).  Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at ACC.  *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).  At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a "reasonable likelihood" of repetition.  *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet that standard.  Simply put, plaintiff has been released from the custody of ACC and his request for injunctive relief is moot.  See, *Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001)(even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See _Douglas v. United Services Automobile Association,_ 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 16th  day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE